UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS S. FINTAK, et al.,

    Plaintiffs,

v.                                                        CASE NO: 8:08-cv-2558-T-23TGW

WACHOVIA BANK, N.A.,

    Defendant.
_____/

## **ORDER**

The plaintiffs sue (Doc. 2) Wachovia Bank, N.A., ("Wachovia") for conversion (Count I), breach of contract (Count II), and negligence (Count III). Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Wachovia moves (Doc. 7) to dismiss Counts I and III of the complaint, and the plaintiffs respond (Doc. 10) in opposition.

## Background

The following facts alleged by the plaintiffs are presumed true for the purpose of evaluating Wachovia's motion to dismiss. In September, 2006, Edmund Fintak created an irrevocable trust for the benefit of his children. (Doc. 2, ¶ 2) The trust agreement appoints as trustees Edmund Fintak and the plaintiffs, Thomas Fintak and John Fintak. (Doc. 2, ¶ 4) On behalf of the trust, Edmund Fintak and the plaintiffs opened two certificates of deposit at World Savings Bank, FSB, ("World Savings Bank") now known as Wachovia. (Doc. 2, ¶ 5) The trustees instructed World Savings Bank that the trust (1) was irrevocable and (2) required two of the three trustees to sign any trust

transaction.  (Doc. 2, ¶ 6)  World Savings Bank issued two certificates of deposit—one for $101,752.41 and another for $101,847.35.  (Doc. 2, ¶ 7)  Despite the trust's requiring two of the three trustees to sign any trust transaction, World Savings Bank permitted redemption of the certificates of deposit upon the signature of only one trustee—Edmund Fintak.  (Doc. 2, ¶¶ 8-9)  The plaintiffs neither knew, nor authorized, nor approved Edmund Fintak's redemption of the certificates of deposit.  (Doc. 2, ¶ 10)

## Standard of Review

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a), Federal Rules of Civil Procedure.  In evaluating the sufficiency of a complaint, well-pleaded facts are accepted as true and resolved most favorably to the plaintiff.  Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998) (citing St. Joseph Hospital Inc. v. Hospital Corp. of Am., 795 F.2d 948 (11th Cir. 1986)).  However, under the notice pleading standard of the Federal Rules of Civil Procedure, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the [pleading] are true."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Neither a conclusory allegation nor "a legal conclusion couched as a factual allegation" supports the sufficiency of a pleading.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1271 (11th Cir. 2002), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc).

Discussion

In Count I, the plaintiffs allege that Wachovia is liable for World Savings Bank's conversion of the trust's funds in violation of Section 673.4021, Florida Statutes. (Doc. 2, ¶ 13) The defendant argues that the conversion claim fails because no conversion action arises from a mere obligation to pay money and because the plaintiffs "fail to describe with particularity any identified, specific money." (Doc. 7 at 3) The statute provides:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.

§ 673.4021, Fla. Stat. Under the Florida Commercial Code, a certificate of deposit is an "instrument." See § 673.1041, Fla. Stat.

The plaintiffs allege that Wachovia converted the certificates of deposit by allowing Edmund Fintak to redeem the certificates without obtaining the signatures of two trustees. Construed most favorably to the plaintiffs, the allegations in the complaint establish that World Savings Bank permitted Edmund Fintak to redeem the certificates of deposit and that Edmund Fintak lacked the authority to receive payment without the signature of at least one more trustee. Accordingly, the motion to dismiss Count I is **DENIED**.

In Count III, the plaintiffs allege that World Savings Bank negligently failed to comply with the terms of the certification of trust. (Doc. 2, ¶¶ 22-29) Moving for dismissal of Count III, Wachovia argues that the economic loss rule bars the plaintiffs'

negligence claim. However, the economic loss rule primarily applies "to limit actions in the product liability context." See Moransais v. Heathman, 744 So. 2d 973, 983 (Fla. 1999); Ron's Quality Towing, Inc. v. Se. Bank of Fla., 765 So. 2d 134, 136-37 (tort claims against bank not barred by the economic loss rule). Wachovia fails to show that the economic loss rule bars the plaintiffs' negligence claim. See Fed. Ins. Co. v. NCNB Nat'l Bank of N.C., 958 F. 2d 1544, 1546 (11th Cir. 1992) (applying Florida law and recognizing a negligence action against a bank for bank's failing to obtain two hand signatures before paying on corporate checks). Accordingly, Wachovia's motion to dismiss Count III is **DENIED**.

### Conclusion

Wachovia's motion (Doc. 7) to dismiss Counts I and III of the complaint is **DENIED**.

ORDERED in Tampa, Florida, on February 18, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE